THE AUGUSTA ICE MANUFACTURING COMPANY *et al., vs.* GRAY.

1. A chancellor should not, of his own motion, appoint a receiver without a proper case made therefor in the record.
2. His discretion in granting the injunction will not be controlled.

Injunction and receiver. Before Judge GIBSON. Richmond County. At Chambers. February 25, 1878.

Gray filed his bill against Gage, Barrett, Ham, Gillette, and others, as directors, and the Augusta Ice Manufacturing Company, making, in brief, the following case :

In 1876, Gray and his associates were incorporated by petition and order in Richmond superior court, under the name of the Augusta Ice Manufacturing Company, and engaged in manufacturing and selling ice. Gage was previously engaged in dealing in natural ice, and the two coming into competition, injured his business. He, therefore, not as a *bona fide* investment, but for the purpose of breaking up the business of the company, purchased largely of stock therein, until he succeeded in getting control of a majority of the same. He then, using the name of Gage & Co., procured a lease of the company property for one year ; and at its termination, by reason of controlling a majority of the stock, procured a vote of a majority in interest though not in numbers, at a meeting of stockholders, to sell all the property and abandon the business. A committee was appointed to conduct the sale, and the property advertised. The directors, apparently considering themselves bound by the vote of a majority in interest, confirmed the same. This entire action is contrary to the intention of the charter, and in prejudice of the rights of a majority in number of the stockholders, the business being a profitable one to them. If the charter is invalid because the courts had no jurisdic-

tion to incorporate manufacturing companies, then the stockholders are partners, and the action of the smaller number is illegal.   Discovery was waived.

The prayer was for injunction to restrain the sale, and to restrain Gage from carrying on a rival traffic in natural ice while he remained a stockholder ; for *mandamus* to cause the directors to continue the business; for general relief and subpœna.

Defendants' answers denied the profitableness of the business and all *mala fides*.   The joint answer of Barrett, Ham and Gillette, was in the nature of a cross-bill.   It prayed that if the corporation was not legally constitued, a receiver should be appointed to sell and distribute the proceeds *pro rata;* that if it was legal, the sale should proceed as already directed, or if not this, that a receiver should be appointed as an officer of court to conduct the sale.

The court granted the injunction and appointed a receiver ; whereupon defendants excepted.

FRANK H. MILLER, for plaintiffs in error.

BARNES & CUMMING, for defendant.

WARNER, Chief Justice.

The complainant filed his bill against the defendants, with a prayer for an injunction to restrain the sale of the property of the Augusta Ice Manufacturing Company, a corporation, on the allegations contained therein.   The defendants Barrett, Ham and Gillette, in their answer in the nature of a cross-bill, prayed that in the event the court should be of the opinion that the corporation was not legally organized, then that a receiver might be appointed with directions to sell the assets and distribute *pro rata*, and that if legally organized, that the sale might proceed under the advertisement, or if that is not allowed, that a receiver be appointed as the officer of the court to make the sale.   There is no prayer for the appointment of a receiver in the an-

swer of the defendant as a corporation, in the nature of a cross-bill, or otherwise. On the hearing of the motion for the injunction prayed for by the complainant in the original bill, the chancellor granted the same, and also appointed a receiver to take charge of all the property of the corporation, and to manage and carry on its business as he might deem fit and proper for all the interests concerned, until the further or final order of the superior court of said county, in selling or carrying on said ice business, a motion for which the judge thereof will hear when all the facts in relation to its profitableness are more fully stated. To the granting of the injunction and the appointment of a receiver with the powers and directions as specified in the order of appointment, the defendants excepted.

1. According to the uniform ruling of this court, we will not interfere with the discretion of the chancellor in granting the injunction prayed for in this case, restraining the sale of the property of the corporation. There was no prayer for the appointment of a receiver in the bill of the complainants, nor in the answer of the defendant as a corporation, in the nature of a cross-bill. There is nothing in the record going to show that the corporate property was in danger of destruction and loss, so as to require the appointment of a receiver. It is true that some of the other defendants, not the corporation, in their answer in the nature of a cross-bill, prayed for the appointment of a receiver to do certain things in the event certain other things should be done, butt here was no prayer of anybody to have a receiver appointed for the purpose, and with the powers specified in the oorder f the judge as set forth in the record; therefore the order of the judge appointing a receiver was error, and is reversed.

Let the judgment of the court below appointing a receiver be reversed, and the judgment of the court granting the injunction stand affirmed.